Kim C. Davis, OSB #162240
kdavis@nw-attorneys.com
Law Office of Jon Weiner
1415 Commercial St. SE
Salem, OR 97302
Tel: (503) 399-7001
Fax: (503) 399-0745
Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| AUBREY ROBINSON, an individual; & KRISTINA BAKER, an individual | Case No. |
| Plaintiffs, | **COMPLAINT** |
| v. | **Claims for violations of Overtime Compensation and Minimum Wage provisions, and Related Retaliation, under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 206, 207, 216(b), et seq.;** |
| TAN REPUBLIC BEAVERTON a/b/n of MOONLIGHT MICRO, INC; LIONESS HOLDING, LLC; PETER LAMKA, an individual | **State law claims for Unpaid Overtime and Minimum Wages, Unpaid Wages Due/Owing Upon Termination of Employment, and Related Retaliation; State law Claim for Unlawful Interference with and Failure to Pay Sick Time, and Related Retaliation; ORS 652.140, ORS 652.150, ORS 652.200, ORS 653.025, ORS 653.055, ORS 653.060, ORS 653.261, 659A.855 et seq.; ORS 653.606, ORS 653.641, et seq.** |
| Defendants. | |
| | **(Demand for Jury Trial)** |

Page **1** of 27 – Complaint

Plaintiff alleges:

## PRELIMINARY STATEMENT

### 1.

Plaintiffs Aubrey Robinson (hereinafter referred to as "Robinson") and Kristina Baker (hereinafter referred to as "Baker") (collectively referred to as "Plaintiffs") assert claims for wage and hour violations, including overtime compensation violations and related retaliation, under the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207, 216(b), et seq. Plaintiffs also assert claims for wage and hour violations, including overtime compensation and related retaliation, and failure to timely pay wages due and owing upon termination of employment violations, under state law, ORS 652.140, ORS 652.150, ORS 653.261, 653.060 et al. Further, plaintiffs assert claims for unlawful interference with and failure to pay for sick time, and related retaliation, ORS 653.606, ORS 653.641, et al. Plaintiffs demand a jury trial. The allegations set forth below apply to "all times relevant" without regard to whether those allegations are set forth in the present or past tense.

## JURISDICTION

### 2.

This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States. This Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Plaintiffs' state law claims are so

**Law Office of Jon Weiner**
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

closely related to their federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

### 3.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this complaint occurred in Multnomah County, Oregon. Robinson is a resident of Gresham, Oregon. Baker is a resident of Battle Ground, Washington. Defendant Moonlight Micro, Inc is an Oregon Domestic Corporation with its principal place of business located in Multnomah County (hereinafter referred to as "Moonlight"). Defendant Lioness Holding, LLC is an Oregon Domestic Limited Liability Corporation with its principal place of business located in Multnomah County, Oregon (hereinafter referred to as "Lioness") (hereinafter collectively referred to as "Corporate Defendants").

### 4.

At all times relevant, corporate defendants employed plaintiffs at its locations in Portland, Gresham, Beaverton, and Oregon City, Oregon, and conducted regular, substantial, and sustained business activity in the State of Oregon, including but not limited to Multnomah County.

## FACTUAL ALLEGATIONS

### 5.

During the term of plaintiffs' employment with corporate defendants, all of their work was subject to the requirements of the FLSA and Oregon's state wage and hours laws. Plaintiffs were engaged in commerce for purposes of the FLSA, and worked on or otherwise handled

Page **3** of **27** – Complaint

goods (e.g. – tanning beds and tanning related products manufactured throughout the United States) moving in interstate commerce. Upon information and belief, corporate defendants, individually and collectively, enjoyed a gross income exceeding $500,000 and were an enterprise engaged in commerce.

6.

Upon information and belief, Peter Lamka (hereinafter referred to as "Lamka") (hereinafter, along with corporate defendants, collectively referred to as "defendants") is an owner and head executive of Lioness and Moonlight. Upon information and belief, Lamka possesses a controlling interest in, and exercises shared operational control over all aspects of those entities. Upon information and belief, he is responsible for, and has ultimate decision-making authority over the processing of payroll, payroll policy and practices, scheduling, and all other personnel matters (including hiring and firing). Lamka was plaintiffs' employer for purposes of the FLSA.

7.

Upon information and belief, Moonlight and Lioness comprise one single integrated enterprise under the ownership and control of Lamka. Upon information and belief, this single integrated enterprise (hereinafter referred to as "Tan Republic Enterprise") is engaged in the ownership and management of tanning salons in Oregon and Washington State. Its component entities share common ownership, common management, common control, and interrelated operations. Upon information and belief, the aforementioned integrated enterprise (and each of its component defendants) enjoys a gross volume of sales in excess of $500,000 and is engaged in commerce.

**Law Office of Jon Weiner**
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

8.

Upon information and belief, plaintiffs had accrued 40 hours of paid sick leave, as
calculated under ORS 653.606.

9.

Corporate defendants are engaged in the tanning salon business. Robinson was hired by
defendants in February 2016 and was compensated at an hourly rate. In May 2016, Robinson
was promoted to Sales Lead and was given a salary of $2,300 per month. In or about July 2016,
Robinson was again promoted to Senior Sales Manager and her salary increased to $2,600 per
month. In mid-October 2016, Robinson was demoted back to Sales Lead, but her salary
remained the same.

10.

Robinson was regularly scheduled to work 54 hours per week. On average, however,
Robinson actually worked 60 hours per week. Robinson's primary duty was to sell products
offered, engage in customer care, and ensure the tanning beds were cleaned after use.

11.

Corporate Defendants have a policy and practice of deducting salaried wages when
employees take sick leave. Deductions are taken regardless if the employee worked half or more
than half of the scheduled shift. Additionally, corporate defendants have a policy and practice
whereby employees must find a replacement in order to be able to take sick leave. Corporate
defendants also require employees who have taken sick leave to make-up the hours worked on a
different shift. Plaintiffs have been subject to this policy, had wages reduced for any amount of

Page **5** of **27** – Complaint

sick leave taken, been required to work alternative shifts in order to make-up for sick time taken, and been required to find a replacement when taking sick time.

12.

In January 2017, Robinson sent an email to Lamka attempting to inquire about her wages and rights under federal and Oregon law. In particular, Robinson addressed corporate defendants' policy of requiring employees to work alternative shifts if they have taken sick leave. Lamka responded by stating that Robinson needed to report to headquarters the next morning, a morning she was not scheduled to work. That week, Portland, Oregon had been experiencing severe winter conditions. Robinson informed corporate defendants this would make it very dangerous for her report in person. Corporate defendant responded by stating that she would be demoted or fired if she did not report to headquarters the next morning. When Robinson arrived at headquarters the next day, no management personnel was present. On the way home from headquarters, Robinson's car slipped on black ice and resulted in a car wreck.

13.

On April 26, 2017, Robinson inquired about her wages to management. Lamka responded to the inquiry by stating that "For a matter of months now, you've been doing [Sales Lead] work so effective immediately, we'll address you as such." Robinson understood this to mean her pay would be cut back to $2,300.

14.

On May 5, while working her shift, Robinson sent emails to management informing them that she was very sick and needed to go to the doctor. She did not receive a response for hours after that. Robinson closed the salon early and went directly to the hospital. After leaving the

**Law Office of Jon Weiner**
1415 Commercial Street SE. Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

hospital, Robinson went to pick up her pay check; however it had been deposited into the safe by management. Robinson was told that she had to turn in her keys before she would be given her check. In an email from Lamka, he stated that Robinson can arrange to pick up her check and do her exit interview. Robinson has not been assigned a shift since.

15.

Eventually, Robinson was provided the check that had been deposited into the safe on May 5, 2017. However, when Robinson sought to deposit it on May 9, it was returned for insufficient funds. Robinson incurred fees for the returned check.

16.

Baker was hired by defendants in May 2015 as an hourly employee. In June 2015, Baker was promoted to Sales Lead earning a salary of $2,800 per month. In November 2015, Baker was promoted to District Manager with an increase in salary to $3,000 per month. In June 2016, Baker left defendant, but returned shortly thereafter in August 2016 as a Senior Sales Manager. In March 2017, Baker was demoted to Sales Lead.

17.

Baker was regularly scheduled to work 48 hours per week, but often actually worked additional hours per week. Two to three times per month, Baker was also required to attend meetings with upper management. These meetings lasted approximately one to two hours. Baker was not compensated for this time.

18.

Baker has a medical condition which requires her to seek treatment approximately one to two times a month. Baker informed Lamka of this. Baker's monthly pay was deducted for any amount of leave taken to seek medical treatment.

**Law Office of Jon Weiner**
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

19.

In January 2017, a paycheck provided by defendants to Baker could not be processed by the bank because the account the check was written from had been closed. As a result, Baker incurred return fees from her bank.

20.

On May 5 2017, Baker requested for her and another employee to swap locations for the next day's shift. Previously, employees swapping locations had not been an issue. Baker had been sick the week previous, and had requested to swap locations because of that location being less busy. Management had approved her swapping for the entire week prior. On May 5, Baker did not hear a response from management, and the employees swapped locations. On May 6, after the employees had already clocked-in, Baker received an email from Lamka stating both employees would be suspended if they swapped locations. Baker was suspended for 30 days and instructed to turn in her keys. The other employee was not suspended.

21.

On May 3, 2017, defendants were mailed letters providing notice of plaintiff's wage claims. Return receipt indicates defendants received the notice on or before May 5, 2017.

**FIRST CLAIM – VIOLATIONS OF FLSA**

**Robinson against all defendants**

**(Count 1 - Failure to Pay Overtime Compensation)**

22.

Robinson incorporates and realleges paragraphs 1 through 21 by this reference. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an

Page **8** of **27** – Complaint

enterprise engaged in commerce or the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Defendants willfully violated these provisions when they failed to compensate Robinson at a rate not less than one and one-half times her regular rate of pay for hours worked in excess of 40 hours per workweek.

23.

Pursuant to 29 U.S.C. § 207, Robinson is entitled to overtime compensation for the overtime hours worked for which she has not been compensated, in an amount to be determined at trial. Pursuant to 29 U.S.C. § 216(b), Robinson is also entitled to an equal amount in liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

**(Count 2 - Failure to Pay Minimum Wages)**

24.

Robinson incorporates and realleges paragraphs 1 through 23 by this reference. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: . . . not less than" $7.25 per hour effective 2009. Defendants willfully violated this provision when they failed to pay Robinson at least minimum wages for all hours worked.

/ /

/ /

**Law Office of Jon Weiner**
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001 Fax (503)399-0745

25.

Pursuant to 29 U.S.C. § 206, Robinson is entitled to compensation for her unpaid minimum wages, in an amount to be determined at trial. Pursuant to 29 USC § 216(b), Robinson is also entitled to an equal amount in liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

**(Count 3 – Related Retaliation)**

26.

Robinson incorporates and realleges paragraphs 1 through 25 by this reference. Pursuant to 29 USC 215(a), "It shall be unlawful for any person (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." Defendants willfully violated this provision when they terminated, suspended and/or demoted Robinson in retaliation for her FLSA – protected activity.

27.

Pursuant to 29 USC § 216(b), Robinson is entitled to her lost wages, liquidated damages and compensatory damages, in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

**SECOND CLAIM – VIOLATIONS OF FLSA**

**Baker against all defendants**

**(Count 1 - Failure to Pay Overtime Compensation)**

**Law Office of Jon Weiner**
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001 Fax (503)399-0745

28.

Baker incorporates and realleges paragraphs 1 through 27 by this reference. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Defendants willfully violated these provisions when they failed to compensate Baker at a rate not less than one and one-half times her regular rate of pay for hours worked in excess of 40 hours per workweek.

29.

Pursuant to 29 U.S.C. § 207, Baker is entitled to overtime compensation for the overtime hours worked for which she has not been compensated, in an amount to be determined at trial. Pursuant to 29 U.S.C. § 216(b), Baker is also entitled to an equal amount in liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

**(Count 2 - Failure to Pay Minimum Wages)**
30.

Baker incorporates and realleges paragraphs 1 through 29 by this reference. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the

**Law Office of Jon Weiner**
1415 Commercial Street SE. Salem, OR 97302
Tel. (503)399-7001 Fax (503)399-0745

following rates: . . . not less than" $7.25 per hour effective 2009. Defendants willfully violated this provision when they failed to pay Baker at least minimum wages for all hours worked.

31.

Pursuant to 29 U.S.C. § 206, Baker is entitled to compensation for her unpaid minimum wages, in an amount to be determined at trial. Pursuant to 29 USC § 216(b), Baker is also entitled to an equal amount in liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

**(Count 3 – Related Retaliation)**

32.

Baker incorporates and realleges paragraphs 1 through 31 by this reference. Pursuant to 29 USC 215(a), "It shall be unlawful for any person (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." Defendants willfully violated this provision when they terminated, suspended and/or demoted Baker in retaliation for her FLSA – protected activity.

33.

Pursuant to 29 USC § 216(b), Baker is entitled to her lost wages, liquidated damages and compensatory damages, in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

**Law Office of Jon Weiner**
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

## THIRD CLAIM – STATE WAGE AND HOUR VIOLATIONS
### Robinson against Corporate Defendants
### (Count 1 - Failure to Pay Overtime Compensation)

34.

Robinson incorporates and realleges paragraphs 1 through 33 by this reference. Pursuant to ORS 653.055: "Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected: (a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and (b) For civil penalties provided in ORS 652.150." Pursuant to ORS 653.261 and OAR 839-020-0030, "all work performed in excess of forty (40) hours per week must be paid for at the rate of not less than one and one-half times the regular rate of pay when computed without benefits of commissions, overrides, spiffs, bonuses, tips or similar benefits pursuant to ORS 653.261(1)." Defendants Tan Republic Beaverton, Moonlight Micro Inc., and Lioness Holding, LLC, willfully violated these provisions when it failed to compensate Robinson at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per week.

35.

Pursuant to ORS 653.261 and OAR 839-020-0030, Robinson is entitled to compensation for unpaid overtime, in an amount to be determined at trial. Pursuant to ORS 653.055 and ORS 652.150, she is also entitled to her reasonable attorney fees and costs.

/ /

/ /

/ /

**Law Office of Jon Weiner**
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

**(Count 2 - Failure to Pay Minimum Wages)**

36.

Robinson incorporates and realleges paragraphs 1 through 35 by this reference.  Pursuant to ORS 653.055: "Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected: (a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and (b) For civil penalties provided in ORS 652.150."  Pursuant to ORS 653.025, "for each hour of work time that the employee is gainfully employed, no employer shall employ or agree to employ any employee at wages computed at a rate lower than . . .[f]or calendar years after 2003, a rate adjusted for inflation."  Oregon minimum wage in 2015 was at the rate of $9.25 per hour, and beginning July 1, 2016, increased to the rate of $9.75 per hour.

37.

Pursuant to ORS 653.025 and 653.055, Robinson is entitled to compensation for unpaid minimum wages, in an amount to be determined at trial.  Pursuant to ORS 653.055(4) and ORS 652.220, she is also entitled to her reasonable attorney fees and costs.

**(Count 3 – Related Retaliation)**

38.

Robinson incorporates and realleges paragraphs 1 through 37 by this reference.  Pursuant to ORS 653.060, "An employer may not discharge or in any other manner discriminate against an employee because . . . The employee has made a complaint that the employee has not been paid wages in accordance with ORS 653.010 to 653.261."  Defendant Tan Republic Beaverton,

Page **14** of **27** – Complaint

Moonlight Micro Inc., and Lioness Holding, LLC, willfully violated these statutes when it retaliated against Robinson due to her complaint regarding practices she reasonably and in good faith believed to be in violation of state and federal laws, and demoted, suspended and/or discharged her on that basis.

39.

Pursuant to ORS 659A.885, Robinson is entitled to equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial. Pursuant to that statute, Robinson is also entitled to her reasonable attorney fees and costs.

**FOURTH CLAIM – STATE WAGE AND HOUR VIOLATIONS**
**Baker against Corporate Defendants**
**(Count 1 - Failure to Pay Overtime Compensation)**

40.

Baker incorporates and realleges paragraphs 1 through 39 by this reference. Pursuant to ORS 653.055: "Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected: (a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and (b) For civil penalties provided in ORS 652.150." Pursuant to ORS 653.261 and OAR 839-020-0030, "all work performed in excess of forty (40) hours per week must be paid for at the rate of not less than one and one-half times the regular rate of pay when computed without benefits of commissions, overrides, spiffs, bonuses, tips or similar benefits pursuant to ORS 653.261(1)." Corporate defendants, willfully violated these provisions when it failed to compensate Baker at a

**Law Office of Jon Weiner**
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001 Fax (503)399-0745

rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per week.

41.

Pursuant to ORS 653.261 and OAR 839-020-0030, Baker is entitled to compensation for unpaid overtime, in an amount to be determined at trial. Pursuant to ORS 653.055 and ORS 652.150, she is also entitled to her reasonable attorney fees and costs.

**(Count 2 - Failure to Pay Minimum Wages)**

42.

Baker incorporates and realleges paragraphs 1 through 41 by this reference. Pursuant to ORS 653.055: "Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected: (a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and (b) For civil penalties provided in ORS 652.150." Pursuant to ORS 653.025, "for each hour of work time that the employee is gainfully employed, no employer shall employ or agree to employ any employee at wages computed at a rate lower than . . .[f]or calendar years after 2003, a rate adjusted for inflation." Oregon minimum wage in 2015 was at the rate of $9.25 per hour, and beginning July 1, 2016, increased to the rate of $9.75 per hour.

43.

Pursuant to ORS 653.025 and 653.055, Baker is entitled to compensation for unpaid minimum wages, in an amount to be determined at trial. Pursuant to ORS 653.055(4) and ORS 652.220, she is also entitled to her reasonable attorney fees and costs.

Page **16** of **27** – Complaint

**(Count 3 – Related Retaliation)**

44.

Baker incorporates and realleges paragraphs 1 through 43 by this reference. Pursuant to ORS 653.060, "An employer may not discharge or in any other manner discriminate against an employee because . . . The employee has made a complaint that the employee has not been paid wages in accordance with ORS 653.010 to 653.261." Defendants Tan Republic Beaverton, Moonlight Micro Inc., and Lioness Holding, LLC, willfully violated these statutes when it retaliated against Baker due to her complaint regarding practices she reasonably and in good faith believed to be in violation of state and federal laws, and demoted, suspended and/or discharged her on that basis.

45.

Pursuant to ORS 659A.885, Baker is entitled to equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial. Pursuant to that statute, Baker is also entitled to her reasonable attorney fees and costs.

**FIFTH CLAIM – VIOLATION OF ORS 652.140**
**Robinson against Corporate Defendants**
**(Failure to Pay Wages Upon Termination of Employment)**

46.

Robinson incorporates and realleges paragraphs 1 through 45 by this reference. Pursuant to ORS 652.140, an employee is entitled to all wages unpaid and owing at termination of

Page **17** of **27** – Complaint

employment. Pursuant to ORS 652.150, an employee is entitled to payment of those wages and up to 30 days' penalty wages in addition to reasonable attorney fees and costs (penalty wages being defined as eight hours pay for each day that wages remain unpaid, subject to a cap of 30 days' penalty wages).

47.

At the time of the termination of her employment with Corporate Defendants, Robinson was owed unpaid overtime and minimum wage compensation under the FLSA and the Oregon wage-and-hour laws referenced herein. That compensation was not timely paid upon termination of her employment as required under ORS 652.140 and ORS 652.150.

48.

Pursuant to ORS 652.140 and ORS 652.150, Robinson is entitled to payment of unpaid overtime compensation, plus 30 days' penalty wages, all in an amount to be determined at trial. Pursuant to ORS 652.200, Robinson is also entitled to her reasonable costs and attorney fees.

**SIXTH CLAIM – VIOLATION OF ORS 652.140**

**Baker against Corporate Defendants**

**(Failure to Pay Wages Upon Termination of Employment)**

49.

Baker incorporates and realleges paragraphs 1 through 48 by this reference. Pursuant to ORS 652.140, an employee is entitled to all wages unpaid and owing at termination of employment. Pursuant to ORS 652.150, an employee is entitled to payment of those wages and up to 30 days' penalty wages in addition to reasonable attorney fees and costs (penalty wages

**Law Office of Jon Weiner**
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001 Fax (503)399-0745

being defined as eight hours pay for each day that wages remain unpaid, subject to a cap of 30 days' penalty wages).

50.

At the time of the termination of her employment with corporate defendants, Baker was owed unpaid overtime and minimum wage compensation under the FLSA and the Oregon wage-and-hour laws referenced herein. That compensation was not timely paid upon termination of her employment as required under ORS 652.140 and ORS 652.150.

51.

Pursuant to ORS 652.140 and ORS 652.150, Baker is entitled to payment of unpaid overtime compensation, plus 30 days' penalty wages, all in an amount to be determined at trial. Pursuant to ORS 652.200, Baker is also entitled to her reasonable costs and attorney fees.

### SEVENTH CLAIM – VIOLATION OF ORS 653.641

### Robinson against Corporate Defendants

### (Count 1 – Failure to Pay for Sick Time to which an Employee is Entitled)

52.

Robinson incorporates and realleges paragraphs 1 through 51 by this reference. Pursuant to ORS 653.606, "Employers that employ at least 10 employees working anywhere in this state shall implement a sick time policy that allows an employee to earn and use up to 40 hours of paid sick time per year." That statute goes on to state that "An employer may not require an employee to search for or find a replacement worker as a condition of the employee's use of accrued sick time; or work an alternate shift to make up for the use of sick time." Pursuant to

**Law Office of Jon Weiner**
1415 Commercial Street SE. Salem, OR 97302
Tel. (503)399-7001 Fax (503)399-0745

ORS 653.641, "It is an unlawful practice for an employer or any other person to deny, interfere with, or fail to pay for sick time to which an employee is entitled."

### 53.

Corporate defendants willfully violated these statutes when it failed to pay for sick time to which Robinson was entitled, and interfered with her use of sick time by requiring her to find a replacement worker as a condition of her use of accrued sick time.

### 54.

Pursuant to ORS 659A.885, Robinson is entitled to equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial. Pursuant to that statute, Baker is also entitled to her reasonable attorney fees and costs.

**(Count 2 – Related Retaliation)**

### 55.

Robinson incorporates and realleges paragraphs 1 through 54 by this reference. Pursuant to ORS 653.606, "Employers that employ at least 10 employees working anywhere in this state shall implement a sick time policy that allows an employee to earn and use up to 40 hours of paid sick time per year." That statute goes on to state that "An employer may not require an employee to search for or find a replacement worker as a condition of the employee's use of accrued sick time; or work an alternate shift to make up for the use of sick time." Pursuant to ORS 653.641, "It is an unlawful practice for an employer or any other person to Retaliate or in any way discriminate against an employee with respect to any term or condition of employment

Page **20** of **27** – Complaint

because the employee has inquired about the provisions of ORS 653.601 to 653.661, submitted a request for sick time, taken sick time . . . or invoked any provision of ORS 653.604 to 653.661."

56.

Defendants Tan Republic Beaverton, Moonlight Micro Inc., and Lioness Holding, LLC, willfully violated these statutes when it retaliated against Robinson due to her inquiry regarding her entitled sick time, use of sick time, and demoted, suspended and/or discharged her on that basis.

57.

Pursuant to ORS 659A.885, Robinson is entitled to equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial. Pursuant to that statute, Baker is also entitled to her reasonable attorney fees and costs.

## EIGHTH CLAIM – VIOLATION OF ORS 653.641
### Baker against Corporate Defendants
**(Count 1 – Failure to Pay for Sick Time to which an Employee is Entitled)**

58.

Baker incorporates and realleges paragraphs 1 through 57 by this reference. Pursuant to ORS 653.606, "Employers that employ at least 10 employees working anywhere in this state shall implement a sick time policy that allows an employee to earn and use up to 40 hours of paid sick time per year." That statute goes on to state that "An employer may not require an employee to search for or find a replacement worker as a condition of the employee's use of accrued sick time; or work an alternate shift to make up for the use of sick time." Pursuant to

**Law Office of Jon Weiner**
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001 Fax (503)399-0745

ORS 653.641, "It is an unlawful practice for an employer or any other person to deny, interfere with, or fail to pay for sick time to which an employee is entitled."

59.

Defendants Tan Republic Beaverton, corporate defendants, willfully violated these statutes when it failed to pay for sick time to which Baker was entitled, and interfered with her use of sick time by requiring her find a replacement worker as a condition of her use of accrued sick time.

60.

Pursuant to ORS 659A.885, Baker is entitled to equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial. Pursuant to that statute, Baker is also entitled to her reasonable attorney fees and costs.

**(Count 2 – Related Retaliation)**

61.

Baker incorporates and realleges paragraphs 1 through 60 by this reference. Pursuant to ORS 653.606, "Employers that employ at least 10 employees working anywhere in this state shall implement a sick time policy that allows an employee to earn and use up to 40 hours of paid sick time per year." That statute goes on to state that "An employer may not require an employee to search for or find a replacement worker as a condition of the employee's use of accrued sick time; or work an alternate shift to make up for the use of sick time." Pursuant to ORS 653.641, "It is an unlawful practice for an employer or any other person to Retaliate or in

Page **22** of **27** – Complaint

any way discriminate against an employee with respect to any term or condition of employment because the employee has inquired about the provisions of ORS 653.601 to 653.661, submitted a request for sick time, taken sick time . . . or invoked any provision of ORS 653.604 to 653.661."

62.

Corporate defendants, willfully violated these statutes when it retaliated against Baker due to her inquiry regarding her entitled sick time, use of sick time, and demoted, suspended and/or discharged her on that basis.

63.

Pursuant to ORS 659A.885, Baker is entitled to equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial. Pursuant to that statute, Baker is also entitled to her reasonable attorney fees and costs.

WHEREFORE, Plaintiff demands the following for his claims for relief which is more specifically set forth under the various claims:

1. First Claim for Relief – Robinson against defendants all defendants

    A. Count 1 - Unpaid overtime compensation and liquidated damages in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).

Page **23** of **27** – Complaint

B. Count 2 – Unpaid minimum wages and liquidated damages in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).

C. Count 3 – Lost wages, liquidated damages and compensatory damages, each in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).

2. Second Claim for Relief – Baker against defendants all defendants

A. Count 1 - Unpaid overtime compensation and liquidated damages in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).

B. Count 2 – Unpaid minimum wages and liquidated damages in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).

C. Count 3 – Lost wages, liquidated damages and compensatory damages, each in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).

3. Third Claim for Relief – Robinson against corporate defendants

A. Count 1 – Unpaid overtime wages and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs pursuant to ORS 653.055(1), (2) and (4); ORS 652.200; ORS 652.140; and ORS 652.150.

B. Count 2 – Unpaid minimum wage compensation, and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in

**Law Office of Jon Weiner**
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

addition to reasonable attorney fees and costs pursuant to ORS 652.200, ORS 652.140, and ORS 652.150.

C. Count 3 – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial, in addition to reasonable attorney fees incurred in this matter pursuant to ORS 659A.885.

4. Fourth Claim for Relief – Barker against defendants corporate defendants

A. Count 1 – Unpaid overtime wages and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs pursuant to ORS 653.055(1), (2) and (4); ORS 652.200; ORS 652.140; and ORS 652.150.

B. Count 2 – Unpaid minimum wage compensation, and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs pursuant to ORS 652.200, ORS 652.140, and ORS 652.150.

C. Count 3 – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial, in addition to reasonable attorney fees incurred in this matter pursuant to ORS 659A.885.

5. Fifth Claim for Relief – Robinson against corporate defendants

**Law Office of Jon Weiner**
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

A. Unpaid wages and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs, pursuant to ORS 652.200, ORS 652.140 and ORS 652.150.

6. Sixth Claim for Relief – Baker against corporate defendants

B. Unpaid wages and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs, pursuant to ORS 652.200, ORS 652.140 and ORS 652.150.

7. Seventh Claim for Relief – Robinson against corporate defendants

A. Count 1 – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial, in addition to reasonable attorney fees incurred in this matter pursuant to ORS 659A.885.

B. Count 2 – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial, in addition to reasonable attorney fees incurred in this matter pursuant to ORS 659A.885.

8. Eight Claim for Relief – Baker against corporate defendants

A. Count 1 – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial, in addition to reasonable attorney fees incurred in this matter pursuant to ORS 659A.885.

B. Count 2 – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory

**Law Office of Jon Weiner**
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

and punitive damages, in an amount to be determined at trial, in addition to reasonable

attorney fees incurred in this matter pursuant to ORS 659A.885.

DATED this 5th day of June, 2017.

/s/ Kim Davis
Kim C. Davis, OSB # 162240
kdavis@nw-attorneys.com
Law Office of Jon Weiner
1415 Commercial Street SE
Salem, OR 97302
Tel: (503) 399-7001
Fax: (503) 399-0745
Of Attorneys for Plaintiffs

**Law Office of Jon Weiner**
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745